

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00269-CR
No. 07-24-00270-CR

**MICHAEL JANIS TUNSTALL, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 251st District Court
Randall County, Texas
Trial Court Nos. 32600C & 32813C, Honorable Ana Estevez, Presiding

December 10, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to plea bargains, Appellant, Michael Janis Tunstall, Jr., was placed on deferred adjudication community supervision for four years for the offenses of unlawful possession of a firearm by a felon and two or more violations during a twelve month period of a court order or conditions of bond in a family violence case.[1] The State moved to proceed to adjudication in both cases for violations of the conditions of community

---

[1] TEX. PENAL CODE ANN. §§ 46.04(a), 25.072(e).

supervision to which Appellant pleaded true to several allegations and not true to another. Following a hearing, the trial court found the allegations to be true, adjudicated Appellant guilty of both offenses, and sentenced him to confinement for ten years in each case to be served concurrently. The trial court also assessed a fine of $500, which was suspended.

Appellant does not challenge his adjudications of guilt or sentences; rather, he presents eight issues complaining of assessment of court-appointed attorney's fees (issues one and two), time payment fees (issues three and four), and alleged errors regarding article 42.15 of the Texas Code of Criminal Procedure which provides for an inquiry into ability to pay fees and costs (issues five through eight). We affirm.

## BACKGROUND

On December 18, 2023, in exchange for guilty pleas, Appellant was placed on deferred adjudication community supervision. After the trial court adjudicated Appellant guilty and revoked community supervision, sentences were imposed on July 29, 2024. Judgments in each case were signed on July 30, 2024. The summary portion in each judgment reflects "SEE BILL OF COSTS" for court costs. A Bill of Costs for the guilty plea phase was generated on December 28, 2023, and reflects an assessment of $1,505.00 for court-appointed fees and a time payment fee of $15.00. A second Bill of Costs was generated on September 18, 2024, following the revocation phase. It shows an assessment of $2,310.00 for court-appointed attorney's fees and a time payment fee of $15.00.

2

The day after sentence was imposed, the trial court entered *Indigency Findings and Orders* pursuant to article 42.15 in which it made the following findings:

The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.

The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

ISSUES ONE AND TWO—COURT APPOINTED ATTORNEY'S FEES

Appellant maintains the trial court abused its discretion in ordering payment of court-appointed attorney's fees without the State demonstrating an ability to pay and also alleges error by the clerk in including those fees in the Bills of Cost. He also seeks removal from the Bills of Cost of the phrase that "other fees may be applied at a later date."

The State concedes attorney's fees incurred for the revocation proceedings should be deleted but disagrees the attorney's fees for the initial guilty plea should be deleted because they were not challenged at the time community supervision was granted. We agree with the State.

Article 26.05(g) of the Code of Criminal Procedure provides that if the trial court determines a defendant has financial resources to offset in part or in whole the costs of legal services, the trial court shall order the defendant to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g). But when a defendant is declared indigent, unless a material change

3

in his financial resources occurs, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p). That said, in *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013), the Court concluded that an appellant forfeits his claim regarding his ability to pay court-appointed attorney's fees as court costs from the initial judgment imposing community supervision if it was not preserved in the trial court and raised in an appeal from the initial judgment. Referencing its decision in *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), the Court noted that when a defendant accepts a condition of community supervision pursuant to a plea agreement, akin to a contractual agreement, he cannot then challenge that condition on direct appeal if he did not complain in the trial court that the condition was objectionable. *Wiley*, 410 S.W.3d at 318–19.

Here, Appellant overlooks the well-settled case law that a complaint regarding assessment of court-appointed attorney's fees when placed on community supervision is treated differently than court-appointed attorney's fees following revocation of community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (reiterating prior holdings that a defendant placed on "regular" community supervision may raise issues relating to the conviction only in appeals taken when community supervision is originally imposed and not in appeals filed after revocation).

We conclude Appellant is not relieved of paying the attorney's fees assessed in the Bill of Costs generated on December 28, 2023, following the trial court's order of deferred adjudication. He is, however, not obligated to pay the attorney's fees incurred

4

following revocation as the State did not demonstrate his indigent status had changed. Issues one and two are sustained in part and overruled in part.[2]

**ISSUES THREE AND FOUR—TIME PAYMENT FEE**

By his third issue, Appellant contends the time payment fee authorized by article 102.030 of the Texas Code of Criminal Procedure is unconstitutional. He argues in his fourth issue that assessment of the fee was premature and should be deleted without prejudice to a subsequent assessment. The State concedes assessment of the fee was premature.

Logically, we first address issue four. In *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court held that a defendant's appeal "stops the clock for purposes of the time payment fee." Thus, an assessment of a time payment fee is premature before issuance of the appellate mandate and should be struck in its entirety. *Id.* We agree with Appellant the time payment fee must be struck from the Bills of Cost. Issue four is sustained.

Regarding issue three, as noted in *Anthony v. State*, No. 07-22-00161-CR, 2023 Tex. App. LEXIS 4534, at *3 (Tex. App.—Amarillo June 27, 2023, no pet. (mem. op., not designated for publication), once the time payment fee is deleted as premature, a constitutional challenge is not ripe for review. *See Dulin*, 620 S.W.3d at 133 n.29 (noting

---

[2] A criminal defendant is presumed to remain indigent throughout the proceedings unless a material change in financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Thus, we are required to delete assessment of court-appointed attorney's fees in a Bill of Costs authorizing an assessment at a later date when unsupported by evidence of a material change in financial circumstances. *Tatum v. State*, No. 12-19-00380-CR, 2020 Tex. App. LEXIS 8562, at *3–4 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (mem. op., not designated for publication); *Asberry v. State*, No. 06-19-00223-CR, 2020 Tex. App. LEXIS 1961, at *12 (Tex. App.—Texarkana March 5, 2020, no pet.) (mem. op., not designated for publication) (modifying Bill of Costs by deleting language providing that attorney's fees can be added at a later date).

5

whether time payment fee will be reimposed is speculative after being stricken as premature). A constitutional attack may not be based on apprehension of a future injury. *Ex parte Spring*, 586 S.W.2d 482, 485 (Tex. Crim. App. [Panel Op.] 1978). Until such time as Appellant is obligated to pay the time payment fee, the statute does not apply to him. Issue three is overruled.

**ISSUES FIVE THROUGH EIGHT—ARTICLE 42.15 OF THE TEXAS CODE OF CRIMINAL PROCEDURE**

Appellant contends the trial court violated his due process rights and abused its discretion in failing to conduct an on-the-record inquiry into his ability to pay. He also challenges the sufficiency of the evidence to support the trial court's findings under article 42.15 and maintains the statute is unconstitutional as applied to him. Finally, Appellant contends the Court of Criminal Appeals' interpretation of article 42.15 renders it unconstitutional as applied to him because the judgments are void.

Recently, the Texas Court of Criminal Appeals in *Cruz v. State*, 698 S.W.3d 265, 269 (Tex. Crim. App. 2024), held that because the ability-to-pay inquiry is not fundamental to the functioning of the adjudicatory system, an appellant waives his right to complain about non-compliance with the statute by failing to object in the trial court. This Court followed *Cruz* in *Sikalasinh v. State*, No. 07-24-00018-CR, 2024 Tex. App. LEXIS 7603, at *11 (Tex. App.—Amarillo Oct. 24, 2024, no pet.) (mem. op., not designated for publication), and *Upson v. State*, No. 07-24-00008-CR, 2024 Tex. App. LEXIS 6801, at *6 (Tex. App.—Amarillo Sept. 16, 2024, pet. filed) (mem. op., not designated for publication). Appellant, however, contends *Cruz* was erroneously decided. Intermediate appellate courts are *stare decisis* courts which are obligated to follow precedent from a

6

court of superior jurisdiction. *Brumley v. State*, 804 S.W.2d 659, 661 (Tex. App.—Amarillo 1991, no pet.); *Gardner v. State*, 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Nevertheless, relying on *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) and *Johnson v. State*, 423 S.W.3d 385, 389–91 (Tex. Crim. App. 2014), Appellant asserts he should not be faulted for failing to object when he was not given an opportunity to do so because the mandatory court costs were not imposed in open court. *London* and *Johnson* recognized that generally, an appellant may challenge imposition of court costs for the first time on direct appeal when he did not have the opportunity to do so in the trial court. Appellant had the opportunity to file a motion for new trial to bring his complaints to the trial court's attention. In failing to do so, he has defaulted his grievances.

Appellant's arguments notwithstanding, *Cruz* dictates that error preservation is required to complain about the scheme presented in article 42.15. Preservation is also required to raise a due process argument on direct appeal. *Garcia v. State*, 663 S.W.3d 92, 95 (Tex. Crim. App. 2022). The rationale for doing so is to provide the trial court with the opportunity to rule on the specific constitutional objection because of the heavy implications on direct appeal. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012). *See also Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018).

Although the trial court's findings were not signed until the day after sentence was imposed, Appellant could have presented a motion for new trial challenging those findings. Moreover, because Appellant's fine was suspended and the trial court did not order him to immediately pay all or part of assessed costs, he has not demonstrated the

7

findings caused him harm. *See Read v. State*, 698 S.W.3d 56, 64 (Tex. App.—Amarillo 2024, pet. filed) (mem. op., not designated for publication).

Regarding Appellant's sufficiency-of-the-evidence claim, we find the trial court's finding that he does not presently have financial resources to immediately pay is a favorable finding. His argument defies logic—if this Court found the evidence insufficient to support the finding, it could result in a contrary finding that he *does* presently have the ability to pay. Such a finding would require sufficient evidence which cannot be found in the record before us. *See Read*, 698 S.W.3d at 64.

Appellant's argument that his judgments are void is based on what he interprets as "unduly vague" language in the "Punishment Options" portion of the judgments which provides that "upon release from confinement, the Court Orders Defendant to proceed without unnecessary delay" to the district clerk's office to pay or make arrangements to pay any fine, court costs, and restitution. He maintains that without a date certain for his release, his future ability to pay is speculative and provides no notice of what is required of him under the order. Thus, he concludes article 42.15 is unconstitutional as applied to him.

A complaint that a statute is unconstitutional as applied also requires preservation in the trial court to be raised on direct appeal. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Bethel v. State*, 668 S.W.3d 830, 838 (Tex. App.—Amarillo 2023, pet. ref'd). To reiterate, because Appellant did not object in the trial court or present a motion for new trial asserting his constitutional challenge, he did not preserve his issues

for appellate review and we need not address the merits of his allegation that the finding on his future ability to pay is speculative.

We find Appellant has not shown the trial court abused its discretion in entering its article 42.15 findings and also find Appellant failed to preserve his remaining complaints concerning the statute. We overrule issues five through eight.

**MODIFICATION OF BILLS OF COST**

The Bill of Costs generated on December 28, 2023, is modified to delete the time payment fee of $15.00. The Bill of Costs generated on September 18, 2024, following revocation of deferred adjudication community supervision is modified to delete the assessment for court-appointed attorney's fees in the sum of $2,310.00 and the time payment fee of $15.00. We note that the language "other fees may be applied at a later date" in the Bills of Cost does not include court-appointed attorney's fees.

**CONCLUSION**

The trial court's judgments are affirmed.

Alex Yarbrough
Justice

Do not publish.

9